1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Q.H.,                                      No. 1:26-cv-01585-DJC-SCR

12                    Petitioner,

13   v.                                          ORDER

14   CHRISTOPHER CHESTNUT,

15                    Respondents.

16

17        Petitioner Q.H.[1] is an immigration detainee proceeding with a Petition for Writ

18   of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No.

19   2).  The Court has previously addressed the legal issues raised in Count 1 of the

20   Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL

21

22   _____

23   [1] Petitioner also requests to proceed under a pseudonym.  (ECF No. 3.)  "The normal presumption is
     that parties must use their real names."  *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d
     1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1).  However, it is common
24   for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve
     privacy in a matter of sensitive and highly personal nature[.]"  *Does I thru XXIII v. Advanced Textile
25   Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted).  The Court grants
     Petitioner's request.  Petitioner has adequately alleged the sensitive and highly personal nature of the
26   facts at issue in her petition.  (*See* ECF No. 3.)  Petitioner also agrees to disclose his identity to
     Respondents, thus the prejudice to Respondents appears to be minimal.  (*Id.* at 5.)  Petitioner's request
27   is also unopposed by Respondents.  Finally, the public's interest in open judicial proceedings is not
     meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a
28   pseudonym for her name.  Accordingly, the Court finds good cause to grant Petitioner's request.

                                           1

1    3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025

2    WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD,

3    2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

4          The Court informed the parties that it intended to rule directly on the petition

5    and ordered Respondents to show cause as to whether there are any factual or legal

6    issues in this case that distinguish it from the Court's prior orders.  (ECF No. 6.)

7    Respondents state that "[Respondents'] counsel has reviewed the cases in the Court's

8    order and concedes that they are not procedurally distinct."  (ECF No. 8 at 2.)  Neither

9    party objected to the Court ruling directly on the merits of the petition.

10          Accordingly, as Respondents have not made any new legal arguments and

11   have not identified any factual or legal issues in this case that would distinguish it from

12   the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for

13   Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated

14   in those prior orders.[2]

15          Respondents are ORDERED to immediately release Petitioner Q.H. from their

16   custody.  Respondents shall not impose any additional restrictions on Petitioner,

17   unless that is determined to be necessary at a future pre-deprivation/custody hearing.

18   Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-

19   detaining Petitioner absent compliance with constitutional protections, which include,

20   at a minimum, pre-deprivation notice describing the change of circumstances

21   necessitating Petitioner's arrest and detention, and a timely hearing.  At any such

22   hearing, the Government shall bear the burden of establishing, by clear and

23   convincing evidence, that Petitioner poses a danger to the community or a risk of

24   flight, and Petitioner shall be allowed to have their counsel present.  This Order does

25   not address the circumstances in which Respondents may detain Petitioner in the

26   event Petitioner becomes subject to an executable final order of removal.

27

28

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

1       The Clerk of the Court is directed to close this case and enter judgment for

2 Petitioner.  This Order resolves all pending motions.

3

4       IT IS SO ORDERED.

5 Dated:   **March 1, 2026**

6                     Hon. Daniel J. Calabretta
                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28